IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JEFFREY B. WIHTOL,                          )
                                            )
                    Plaintiff,              )       TC-MD 120762N
                                            )
        v.                                  )
                                            )
MULTNOMAH COUNTY ASSESSOR,                  )
                                            )
                    Defendant.              )       **DECISION**

Plaintiff filed his Complaint on September 24, 2012, challenging the value of property

identified as Account R650729 (subject property) for the 2010-11 and 2011-12 tax years.[1]  The

parties filed a written Stipulation on December 20, 2012, agreeing to a reduction in the value of

the subject property for the 2010-11 and 2011-12 tax years.  The parties' Stipulation indicated

that the parties continued to dispute "Plaintiff's entitlement to recovery of costs and

disbursements."  (Stip at 2.)  On December 27, 2012, Plaintiff filed his Request for an Award of

Costs and Disbursements (Request) and a Memorandum in Support of his Request (Memo).

Defendant filed its Response to Plaintiff's Request (Response) on January 7, 2013.  Plaintiff filed

his Reply Memorandum to Defendant's Response (Reply) on January 16, 2013.

Plaintiff requests that the court award him his costs and disbursements "on the ground

that [P]laintiff is a prevailing party."  (Ptf's Request at 1.)  Specifically, Plaintiff requests an

award of $240, the fee that he incurred to file his Complaint.  (*Id.*)  In support of his Request,

Plaintiff relies on ORS 305.501(4)(a) and Tax Court Rule (TCR) 68 A, B.  (Mem at 1-2.)

Defendant disagrees that Plaintiff is a "prevailing party" under TCR 68 B.

---

[1] Plaintiff appealed from Defendant's notice of omitted property assessment dated June 25, 2012.  (Ptf's Compl at 2.)  Plaintiff did not challenge the validity of the assessment, but rather the value of the subject property determined by Defendant for the 2010-11 and 2011-12 tax years.  (*Id.* at 1.)

There is no statute that provides for an award of costs and disbursements in the Magistrate Division of the Oregon Tax Court. Under ORS 305.490(4)(a), the court may award costs and disbursements to the taxpayer in a proceeding before "the tax court judge":

> "If, in any proceeding before *the tax court judge* involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following [attorney fees and expenses] * * *."

ORS 305.490(4)(a) (emphasis added).[2] By expressly providing for recovery of costs and disbursements in "any proceeding before the tax court judge," the legislature implicitly did not grant authority to magistrates to award costs and disbursements. *Johnson v. Department of Revenue*, TC-MD No 111148C at 2 (Aug 16, 2012); *Ellibee v. Dept. of Rev.*, TC-MD No 020026D at 5-6 (May 8, 2003).

Context provided by ORS 305.404 to 305.560 supports this interpretation. Authority granted to *both* the judge and the magistrates of the tax court is clearly stated through references to "the judge or a magistrate of the tax court" or "the judge, a magistrate or the clerk of the tax court." *See, e.g.* ORS 305.420(1); ORS 305.427; ORS 305.430(1). By contrast, other statutes refer only to "the judge of the tax court" or a "magistrate," not both. *See, e.g.,* ORS 305.425(1) ("All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo"); ORS 305.452 ("The judge of the tax court shall be elected by the electors of the state for a term of six years"); ORS 305.455 (describing additional qualifications of "[t]he judge of the tax court"); ORS 305.498(1) ("The judge of the tax court shall appoint one or more individuals to sit as magistrates of the magistrate division").

/ / /

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Plaintiff cites ORS 305.501(4)(a) in support of his Request. ORS 305.501(4)(a) states:

> "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. A hearing may be conducted in person or by telephone. Magistrates may confer with each other in order to reach a decision on any matter."

ORS 305.501(4) gives tax court magistrates wide latitude to conduct hearings to achieve substantial justice. However, ORS 305.501(4)(a) refers only to hearings; it makes no mention of the magistrates' authority to award costs and disbursements. ORS 305.501(4)(a) does not provide support for Plaintiff's Request.

Plaintiff also cites TCR 68 B in support of his Request. The Preface to the Magistrate Division rules states: "If circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant." Although there is no Magistrate Division rule addressing recovery of costs and disbursements, the Regular Division rule is not relevant here because there is no statutory authority for an award of costs and disbursements in the Magistrate Division.

After careful consideration, the court concludes that there is no statutory authority for an award of costs and disbursement in the Magistrate Division. Plaintiff's Request must be denied. The court further finds that the values of the subject property are as stipulated by the parties for the 2010-11 and 2011-12 tax years. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that the value of property described as Account

R650729 for the 2010-11 tax year is, as stipulated:

Real Market Value (RMV)

| | |
|---|---|
| Land: | $60,160 |
| Improvements: | $28,520 |
| Total: | $88,680 |

| | |
|---|---|
| Exception RMV: | $88,680 |

| | |
|---|---|
| Assessed Value: | $40,340. |

IT IS FURTHER DECIDED that the value of property described as Account R650729

for the 2011-12 tax year is, as stipulated:

Real Market Value (RMV)

| | |
|---|---|
| Land: | $60,160 |
| Improvements: | $28,520 |
| Total: | $88,680 |

| | |
|---|---|
| Assessed Value: | $41,550. |

IT IS FURTHER DECIDED that Plaintiff's Request for an Award of Costs and

Disbursements is denied.

Dated this ___ day of January 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on January 30, 2013. The Court filed and entered this Decision on January 30, 2013.*